Evan T.L. Hughes, Esquire  
The Hughes Firm, LLC  
1845 Walnut Street, Suite 932  
Philadelphia, PA 19103  
Tel 215.454.6680  
Fax 610.471.0456  
evan.hughes@hughesfirm.pro

Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

vs.

ROBERT WENDELL LANDIS

MAGISTRATE NO. 14-379

### MEMORANDUM IN OPPOSITION OF GOVERNMENT'S MOTION FOR PRE-TRIAL DETENTION

1) Defendant has been awaiting trial on electronic monitoring since November 14, 2014.

2) Other than his use of Facebook for business reasons[1] which Defendant does not concede was a violation of his pre-trial release, Defendant has been exemplary while on electronic monitoring. This is exemplified by the Honorable Stewart Dalzell's

---

[1] Defendant was using Facebook to reconnect with former coworkers for business reasons. No attempt to contact the victim or any other minor was made.

[2] The first curfew was scheduled from 9:00 p.m. to 8:30 a.m., and the modification of the

1

modification of Defendant's pre-trial release conditions on December 5, 2014, when he extended Defendant's curfew.[2]

3) An untimely second superseding indictment was filed on March 13, 2015.[3]

4) The undersigned counsel entered his appearance on March 10, 2015, and immediately began discussions with Assistant United States Attorney Roberta Benjamin regarding the possibility of a non-trial disposition and requested additional discovery, which was provided.

5) On Friday, March 13, 2015, FBI agents arrested Defendant at his place of business on the second superseding indictment despite the United States being in close contact with the undersigned counsel.

6) The Government arrested Defendant at his place of business rather than arrange a turn-in through counsel.

7) The undersigned counsel's understanding as to why Defendant's use of Facebook was not brought to the Court's attention by either the United States Attorney or Pre-trial Services was because it was not clear that a violation had occurred and/or any such violation was extremely minor.

8) Defendant's very reasonable financial difficulties in privately retaining an attorney for his defense in federal court should not be viewed as a misrepresentation. He has the right to have the counsel of his choice, and he has caused little to no delay by exercising his right to counsel.

---

[2] The first curfew was scheduled from 9:00 p.m. to 8:30 a.m., and the modification of the curfew was 10:30 p.m. to 7:30 a.m. demonstrating that both pre-trial services and the Honorable Dalzell were comfortable with Defendant's level of compliance on electronic monitoring.

[3] On February 23, 2015, the Honorable Stewart Dalzell ordered that if the government was going to file a second superseding indictment, it was to be filed no later than March 12, 2015.

9) Defendant's difficulty in obtaining counsel should not be misconstrued as Defendant not abiding by the terms of his supervised release or disobeying orders of the Court.

10) By the Government's own admission, Defendant's prior criminal contacts are minimal at best nor does he pose a danger to the community, as evidenced by his conduct while on electronic monitoring.

11) Defendant is non-violent, has no history of failing to appear before any court of law, has been compliant with pre-trial services, and once again by the Government's own admission, has strong ties to the Eastern District of Pennsylvania and is not a flight risk.

12) The undersigned counsel was privately retained by Defendant and his family at significant cost, further demonstrating his intention to appear in Court as ordered.

13) Defendant is the sole provider for his wife and two children.

14) Defendant's employer, Jeff D'Ambrosio Auto Group, fully intends to continue employing Defendant during the course of these proceedings. (See attached letter from Defendant's employer).

15) For the aforementioned reasons, Defendant has rebutted the presumption of flight, and he should be returned to electronic monitoring.

16) The Government's concerns of flight risk could easily be addressed by increasing Defendant's unsecured bail.

Based on the foregoing, Defendant respectfully requests this Honorable Court to allow Defendant to remain out on bail during the pendency of his trial.

**DATED** this 16th day of March, 2015.

THE HUGHES FIRM, LLC

/s/
By ―――――――――――
Evan T.L. Hughes, Esq.
Attorney for Defendant

# VERIFICATION

I, Evan T.L. Hughes, hereby verify that the forgoing statements are accurate and made subject to the penalties of perjury.

/s/

By _____
Evan T.L. Hughes, Esq.

## CERTIFICATE OF SERVICE

I, hereby certify, that on this date a true and correct copy of this Motion was served upon the United States via electronic notice.

/s/

By _____

Evan T.L. Hughes, Esq.



Monday March 16, 2015

To Whom It May Concern:

Please accept this letter on behalf of Jeff D'Ambrosio Auto Group. This letter is to notify the court that we plan on continuing Robert Wendell Landis' employment here at Jeff D'Ambrosio Auto Group. He is a very important and valued employee here.

Sincerely,

Richard Fagley
Director of Finance
Jeff D'Ambrosio Auto Group
610-269-9500 ext. 248