# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 14-379 |
| | : | |
| ROBERT WENDELL LANDIS | : | |

## O R D E R

AND NOW, this        day of                2015, upon consideration of the defendant's motion

to suppress and the government's response, it is hereby ORDERED that the motion and the request

for an evidentiary hearing under *Franks v. Delaware* are DENIED.


BY THE COURT:




_____

HONORABLE STEWART DALZELL
*Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 14-379 |
| | : | |
| ROBERT WENDELL LANDIS | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION TO SUPPRESS PHYSICAL EVIDENCE

The defendant has moved to suppress physical evidence obtained pursuant to two search warrants: (1) a search warrant for Facebook; and (2) a search warrant for Yahoo. He asserts that the affidavits do not provide probable cause for the searches. He further alleges that in obtaining the warrants, the agent submitted affidavits that contained material misrepresentations and material omissions. For that reason, he requests a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). The government opposes the motion.

### I.     PROCEDURAL HISTORY

Based upon a second superseding indictment, the defendant ROBERT WENDELL LANDIS was charged with violating one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), two counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), one count of online enticement, in violation of 18 U.S.C. § 2422(b), and one count of production of child pornography, in violation of 18 U.S.C. § 2251(a). The charges are based on a 27 year old defendant's enticement of a 15 year old minor girl (minor). The defendant communicated extensively through Facebook chats, with the minor, having told her he was 18 years old. He convinced her to take sexually explicit images of herself and to send those images

to him.   The minor girl did this. Eventually, the defendant met with the minor and engaged in sexual relations with her on multiple occasions. These activities included vaginal and anal intercourse and fellatio. This illegal activity, including the minor's sending sexually explicit pictures of herself to the defendant's emails, took place over a number of months, in particular from approximately March through June of 2012.

## II.   FRANKS v. DELAWARE

Under *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court examined the circumstances warranting an evidentiary hearing on the basis of inaccuracies in a warrant.   The *Franks* court emphasized that a hearing is only required where there is a specific allegation that the affiant knowingly and intentionally, or with reckless disregard for the truth, misrepresented material facts to secure a warrant.   The analysis is on the truthfulness of the affiant, not the witness or informant providing the information to the affiant.   438 U.S. at 171-72.   The Court held:

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.

Here, the defendant has failed to provide any specific facts in support of his allegations of

2

material misrepresentations.[1] In light of this fact, he is not entitled to a *Franks* hearing and his motion to suppress must fail. Although the defendant has failed to make the requisite showing under *Franks*, and the analysis can end there, the government provides the following information to demonstrate that there is sufficient probable cause in each of the contested search warrant affidavits.

## III.   **BACKGROUND**

In October of 2012, Facebook notified the National Center for Missing and Exploited Children (NCMEC) that they had discovered Facebook chats that appeared to contain sexually inappropriate language between the defendant and a female minor; and that the chats included the defendant's solicitation of inappropriate photographs of the minor, all in violation of Facebook's terms of use.[2] NCMEC, in turn, notified the Federal Bureau of Investigations (FBI). These notifications were in compliance with Title 18, United States Code Sections, 2702 and 2258A, which read, in part as follows:

> **(b) Exceptions for disclosure of communications.**— A provider described in subsection (a)[[3]] may divulge the contents of a communication—
>
>            .           .
>
> (6) to the National Center for Missing and Exploited Children,   in connection with a report submitted thereto under section 2258(A);
> (7) to a law enforcement agency—
>     (A) if the contents—

---

[1] In addition to finding the affiant's statement was deliberately false or demonstrated reckless disregard for the truth, *id.* at 155-56, 171, the Court would have to find that the challenged statement or omission was essential to the magistrate's finding of probable cause. *Id.* at 155-56, 171-72.

[2] See Attachment A, redacted Facebook security notification to NCMEC.

[3] Subsection (a)(1) includes "an electronic communication service to the public" which includes Facebook.

(i) were inadvertently obtained by the service provider; and

(ii) appear to pertain to the commission of a crime;...

[18 U.S.C. § 2702.]; and

**§ 2258(A).  Reporting requirements of electronic communication service providers and remote computing service providers.**

**(a) Duty to report.—**

(1) **In general.—** Whoever, while engaged in providing an electronic communication service or a remote computing service to the public through a facility or means of interstate or foreign commerce, obtains actual knowledge of any facts or circumstances described in paragraph (2) shall, as soon as reasonably possible—

(A) provide to the CyberTipline of the National Center for Missing and Exploited Children, or any successor to the CyberTipline operated by such center, the mailing address, telephone number, facsimile number, electronic mail address of , and individual point of contact for, such electronic communication service provider or remote computing service provider; and

(B) make a report of such facts or circumstances to the CyberTipline, or any successor to the CyberTipline operated by such center.

(2) **Facts or circumstances.—** The facts or circumstances described in this paragraph are any facts or circumstances from which there is an apparent violation of—

(A) Section 2251, 2251(A), 2252, 2252(A), 2252(B), or 2260 that involves child pornography; or

(B) ...

**(b) Contents of report.—** To the extent the information is within the custody or control of an electronic communication service provider or a remote computing service provider, the facts and circumstances included in each report under subsection (a)(1) may include the following information:

(1) **Information about the involved individual.—** Information relating to the identity of any individual who appears to have violated a Federal law described in subsection (a)(2), which may, to the extent reasonably practicable, include the electronic mail address, Internet Protocol address, uniform resource locator, or any

4

other identifying information, including self-reported identifying information.

(2) **Historical reference.**— Information relating to when and how a customer or subscriber of an electronic communication service or a remote computing service uploaded, transmitted, or received apparent child pornography or when and how apparent child pornography was reported to, or discovered by the electronic communication service provider or remote computing service provider, including a date and time stamp and time zone.

(3) **Geographic location information.**— ...

(4) **Images of apparent child pornography.**—
Any image of apparent child pornography relating to the incident such report is regarding.

(5) **Complete communication.**— The complete communication containing any image of apparent child pornography, including—
(A) any data or information regarding the transmission of the communication; and
(B) any images, data, or other digital files contained in, or attached to, the communication.

(c) **Forwarding of report to law enforcement.**—
(1) **In general.**— The National Center for Missing and Exploited Children shall forward each report made under subsection (a)(1) to any appropriate law enforcement agency designated by the Attorney General under subsection (d)(2).

.      .      .

(e) **Failure to report.**— An electronic communication service provider or remote computing service provider that knowingly and willfully fails to make a report required under subsection (a)(1) shall be fined— ...

## A. FACEBOOK SEARCH WARRANT

Based on the notifications discussed above, as well as further investigation by the FBI, a search warrant for the defendant's Facebook account was prepared.   On November 29, 2012, the Honorable Elizabeth T. Hey, United States Magistrate Judge, reviewed and signed just such a search warrant. [4]   In the affidavit in support of the search warrant, it is blatantly clear that there

---

[4] See Attachment B.

5

was probable cause that the defendant's Facebook account contained evidence of criminal acts,

including, but not limited to the online enticement of a minor, in violation of 18 U.S.C. § 2422(b)

and production of child pornography, in violation of 18 U.S.C. § 2251(a).   This is based, in part,

on the information contained in the Facebook chats that were provided to law enforcement by

NCMEC, who had received them from Facebook pursuant to the latter's legal requirement to do

so; and from information that the FBI received after interviewing the minor's mother, who was the

account holder, referenced in the affidavit (paragraph 36).   Since the affidavit clearly contains

sufficient probable cause for its issuance, there is no basis to suppress the evidence secured as the

result of this search warrant.

### B.  YAHOO SEARCH WARRANT

On February 21, 2013, the Honorable M. Faith Angell, United States Magistrate

Judge, reviewed and signed a search warrant for two of the defendant's yahoo email accounts, that

is, xtictac22@yahoo.com and yourfantasy1207@yahoo.com.[5]  These email addresses were

contained in a full set of Facebook chats between the defendant and minor, which had been

provided in response to the Facebook search warrant discussed above.   As noted previously, the

Facebook chats contained evidence of criminal activity.   It is clear that there was probable cause

to believe that evidence of criminal conduct also would be contained in the defendant's yahoo

emails. In the affidavit, it is noted that the chats reference the email address xtictac22@yahoo.com

as one location to which the minor was told by the defendant to send illegal and inappropriate

images of herself (paragraph 44).   Also, the defendant told the FBI that these email addresses

were his, during an interview which took place at the time a search warrant was executed on his

---

[5]  See Attachment C.

residence, on December 21, 2012 (paragraph 49).   All of these facts are contained in the contested

yahoo search warrant affidavit.   Since the yahoo search warrant affidavit contains more than

sufficient probable cause to support its issuance, there is no basis upon which to suppress the

evidence secured as the result of the search warrant.

IV.   **CONCLUSION**

For the aforementioned reasons, the government respectfully requests that the Court deny

the defendant's request for a *Franks* hearing and his motion to suppress physical evidence.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


s/ Roberta Benjamin
ROBERTA BENJAMIN
Assistant United States Attorney

Date:   March 24, 2015

7

## **ATTACHMENTS**

A- Facebook Security Notification
B- Facebook Search Warrant
C- Yahoo! Search Warrant

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Response to Defendant's Motion to Suppress has been filed electronically on the Electronic Case Filing System and is available for viewing and downloading from the ECF system, and is also being served by email, on the following defense counsel:

> Evan T.L. Hughes, Esq.
> The Hughes Firm, LLC
> 1845 Walnut Street, Suite 932
> Philadelphia, PA    19103
> evan.hughes@hughesfirm.pro

> s/Roberta Benjamin
> ROBERTA BENJAMIN
> Assistant United States Attorney

Date: March 24, 2015