

**EXHIBIT B**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :

      v.                :        CRIMINAL NO. 14-379

ROBERT WENDELL LANDIS       :

## GUILTY PLEA AGREEMENT

Under Rule 11 of the Federal Rules of Criminal Procedure, the government, the defendant, and the defendant's counsel enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the Office of the United States Attorney for the Eastern District of Pennsylvania.

1.      The defendant agrees to plead guilty to Counts One, Two and Three of the Third Superseding Indictment, which charges him in Count One with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and in Counts Two and Three with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and not to contest forfeiture as set forth in the notice of forfeiture charging criminal forfeiture under 18 U.S.C. § 2253, all arising from the defendant's internet communications with a minor which resulted in her sending the defendant images of herself which constitute child pornography, which he kept in his email accounts. The defendant further acknowledges his waiver of rights, as set forth in the attachment to this agreement.

2.      The parties agree that this plea agreement is made pursuant to

Federal Rule of Criminal Procedure 11(c)(1)(C) and that the following specific sentence range is the appropriate disposition of this case: 90 months incarceration, a fine, if any, in an amount to be determined by the Court; a $300 special assessment; and ten years up to a lifetime of supervised release, which includes, among others, the following conditions: (1) that the defendant not be employed in any business that caters to or employs minors, and cannot volunteer in any organization that does so; and (2) that the defendant have no contact with any minor, except for incidental contacts. Contact with his own children and step-children shall take place in the presence of another adult. If the Court does not accept this plea agreement, then either the defendant or the government will have the right to withdraw from the plea agreement and insist that the case proceed to trial.

      3.     At the time of sentencing, the government will:

      a.     Move to dismiss Counts Four and Five of the third superseding indictment, charging the defendant with online enticement, in violation of 18 U.S.C. § 2422(b) and production of child pornography, in violation of 18 U.S.C. § 2251(a), respectively, at the time of sentencing.

      b.     Move for an upward variance from the guideline range which is calculated for Counts One, Two and Three of the third superseding indictment; the basis for the upward variance to which the defendant will not object, are the facts of this case which support the online enticement and production counts of the indictment which are being dismissed at the time of sentencing.

      c.     Comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing including evidence relating to dismissed counts, if any, and to the character and any criminal conduct of the defendant; address the Court

2

regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the pre-sentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

  d.  Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

  4.  The defendant understands, agrees, and has had explained to him by counsel that the Court may impose the following statutory maximum and mandatory minimum sentence: Count One, possession of child pornography, ten years' imprisonment, a mandatory minimum of five years up to lifetime of supervised release, a $250,000 fine, and a $100 special assessment; Counts Two and Three, receipt of child pornography, 20 years' imprisonment, with a five year mandatory minimum term of incarceration, a mandatory minimum of five years up to a lifetime of supervised release, a $250,000 fine, and a $100 special assessment. Restitution is mandatory. Forfeiture of all property involved in the offense also may be ordered.

  The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to two years per count of conviction. However, if the defendant violates supervised release by committing one or more specified child exploitation offenses, the court will revoke supervised release and require the defendant to serve an additional term of imprisonment of at least 5 years (18 U.S.C. § 3583(k)). Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

3

5. The defendant agrees that forfeiture, restitution, fine, assessment, tax, interest, or other payments in this case do not constitute extraordinary acceptance of responsibility or provide any basis to seek a downward departure or variance from the applicable Sentencing Guideline range.

6. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees fully to disclose all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. Accordingly:

a. The defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that his financial statement and disclosures will be complete, accurate, and truthful.

b. The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

7. The defendant agrees to pay the special victims/witness assessment in the amount of $300 at such time as directed by the Court.

8. Pursuant to USSG § 6B1.4, the parties enter into the following stipulations under the Sentencing Guidelines Manual. It is understood and agreed that: (1) the parties are free to argue the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

4

a.    The parties agree and stipulate that the base offense level is 22, pursuant to USSG § 2G2.2(a)(2);

b.    The parties agree and stipulate that the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor and the defendant did not intend to traffic in or distribute, such material, reducing his offense level by two, pursuant to USSG § 2G2.2(b)(1);

c.    The parties agree and stipulate that the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, elevating his offense level by five, pursuant to USSG § 2G2.2(b)(5);

d.    The parties agree and stipulate that the offense involved the use of a computer, elevating the defendant's offense level by two, pursuant to USSG § 2G2.2(b)(6);

e.    The parties agree and stipulate that the offense involved at least 10 images, but fewer than 150, elevating the defendant's offense level by two, pursuant to 2G2.2(b)(7)(A);

f.    The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offense, making the defendant eligible for a two level downward adjustment under USSG § 3E1.1(a);

g.    The parties agree and stipulate that, as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, resulting in a one level downward adjustment under USSG § 3E1.1(b).

9. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act (SORNA), a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both. This registration will also be a condition of any supervised release. The defendant also understands that independent of supervised release and the federal law requirements, he will be subject to state sex offender registration requirements, and that these federal law and state requirements may apply throughout his life.

10. If the Court accepts the recommendation of the parties and imposes the sentence stated in paragraph two of this agreement, the parties agree that neither will file any appeal of the conviction and sentence in this case. Further, the defendant agrees that if the Court imposes the recommended sentence, he voluntarily and expressly waives all rights to collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution. However, the defendant retains the right to file a claim, if otherwise allowed by law, that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance.

If the Court does not accept the recommendation of the parties to impose the sentence stated in paragraph two of this agreement, and the defendant nevertheless decides to enter a guilty plea, without objection by the government, then the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other mater relating to this prosecution, whether such a right to appeal or collaterally attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

  a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

  b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only a claim:

  (1) that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph four above;

  (2) challenging a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines; or

  (3) that an attorney who represented the defendant during the course of this case provided constitutionally ineffective assistance of counsel.

  If the defendant does appeal pursuant to this paragraph, no issue may be presented by the defendant on direct appeal other than those described in this subparagraph.

  11. The defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

  12. The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any

7

records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

13.     The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that he is guilty.

14.     It is agreed that the parties' guilty plea agreement contains no additional promises, agreements, or understandings other than those set forth in this written guilty plea agreement, and that no additional promises, agreements, or understandings will be entered into unless in writing and signed by all parties.

ZANE DAVID MEMEGER
United States Attorney

_____
ROBERT WENDELL LANDIS
Defendant

PETER F. SCHENCK
Chief, Criminal Division
Assistant United States Attorney

_____
Evan T.L. Hughes, Esq.
Counsel for Defendant

ROBERTA BENJAMIN
Assistant United States Attorney

Date: _____

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         :

        v.                      :         CRIMINAL NO. 14-379

ROBERT WENDELL LANDIS         :

## ACKNOWLEDGMENT OF RIGHTS

I hereby acknowledge that I have certain rights that I will be giving up by pleading guilty.

1. I understand that I do not have to plead guilty.

2. I may plead not guilty and insist upon a trial.

3. At that trial, I understand

     a.     that I would have the right to be tried by a jury that would be selected from the Eastern District of Pennsylvania and that along with my attorney, I would have the right to participate in the selection of that jury;

     b.     that the jury could only convict me if all 12 jurors agreed that they were convinced of my guilt beyond a reasonable doubt;

     c.     that the government would have the burden of proving my guilt beyond a reasonable doubt and that I would not have to prove anything;

     d.     that I would be presumed innocent unless and until such time as the jury was convinced beyond a reasonable doubt that the government had proven that I was guilty;

     e.     that I would have the right to be represented by a lawyer at this trial and at any appeal following the trial, and that if I could not afford to hire a lawyer, the court would appoint one for me free of charge;

     f.     that through my lawyer I would have the right to confront and cross-examine the witnesses against me;

g.    that I could testify in my own defense if I wanted to and I could subpoena witnesses to testify in my defense if I wanted to; and

h.    that I would not have to testify or otherwise present any defense if I did not want to and that if I did not present any evidence, the jury could not hold that against me.

4.    I understand that if I plead guilty, there will be no trial and I would be giving up all of the rights listed above.

5.    I understand that if I decide to enter a plea of guilty, the judge will ask me questions under oath and that if I lie in answering those questions, I could be prosecuted for the crime of perjury, that is, for lying under oath.

6.    I understand that if I plead guilty, I have given up my right to appeal, except as set forth in the appellate waiver provisions of my plea agreement.

7.    Understanding that I have all these rights and that by pleading guilty I am giving them up, I still wish to plead guilty.

8.    I acknowledge that no one has promised me what sentence the Court will impose. I am aware and have discussed with my attorney that, at sentencing, the Court will calculate the Sentencing Guidelines range (including whether any departures apply), and then, in determining my sentence, will consider the Guideline range and all relevant policy statements in the Sentencing Guidelines, along with other sentencing factors set forth in 18 U.S.C. § 3553(a), including

(1) the nature and circumstances of the offense and my personal history and characteristics;

(2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(5) the need to provide restitution to any victims of the offense.

_____
ROBERT WENDELL LANDIS
Defendant

_____
Evan T.L. Hughes, Esq.
Counsel for the Defendant

Dated: _____.