IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 14-379-01 |
| ROBERT WENDELL LANDIS | : |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)

Defendant Robert Wendell Landis seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). This motion should be denied at this time, because the defendant has not exhausted an administrative request for relief, as required by the controlling statute.

**I.  Background.**

On June 4, 2015, the defendant was charged in a five-count third superseding indictment with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) [Count One], receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) [Counts Two and Three], online enticement, in violation of 18 U.S.C. § 2242(b) [Count Four], and production of child pornography, in violation of 18 U.S.C. § 2251(e) [Count Five]. These charges stem from a pattern of activity engaged in by the defendant when he sexually abused and exploited a minor female. On July 22, 2015, the defendant pleaded guilty to the first three counts of the indictment, pursuant to a plea agreement. On October 23, 2015, the defendant was sentenced to a 90-month term of

imprisonment on each of the three counts of the indictment, to run concurrently with each other. A ten-year term of supervised release was imposed to follow his incarceration.

The defendant is serving his sentence at Fort Dix FCI, with an anticipated release date of July 29, 2021. As of this writing, the number of positive cases at this institution is 14, with 28 inmates and 5 staff having recovered from it. However, there have been no positive cases in the "low" facility where Landis is housed.

## II.    Request for Compassionate Release.

The defendant requests that he be released immediately or transferred to home confinement because he believes that COVID-19 is effectively a death sentence for him. He claims that this is so because he suffers from asthma, has smoked heavily for many years, and because the Bureau of Prisons, in particular Fort Dix FCI, is not equipped to provide an acceptable environment that can protect him from the virus. Furthermore, the defendant suggests New York City is the "epicenter of the pandemic," that Fort Dix FCI is only an hour away from there and, therefore, any outbreak of the virus would be uncontrollable. All of these suppositions are unsupportable. Regardless, the defendant has failed to exhaust the requisite administrative request for relief.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1)  in any case—
>
> (A)  the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative

rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The statute thus requires that the inmate first present a request to the warden, and states that the inmate cannot seek judicial relief until, at the earliest, 30 days after presentation of such a request. This requirement is mandatory and must be enforced by the Court. The Third Circuit held that where 30 days have not passed following presentation of a request to a warden, the statute "presents a glaring roadblock foreclosing compassionate release at this point." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). *See also United States v. Nesbitt*, No. 09-181, ECF No. 36 (E.D. Pa. May 11, 2020) (Bartle, J.); *United States v. Powell*, 2020 WL 2848190 (E.D. Pa. June 2, 2020) (Beetlestone, J.) (further holds that a request to warden for transfer to home confinement alone is not sufficient to trigger the 30-day period); *United States v. Mines*, No. 06-141, ECF No. 187 (E.D. Pa. May 7, 2020) (Diamond, J.); *United States v. Bogdanoff*, 2020 WL 2307315, at *4-5 (E.D. Pa. May 8, 2020) (Goldberg, J.); *United States v. Wilson*, 2020 WL 1975082, at *4 (E.D. Pa. Apr. 24, 2020) (Kearney, J.) (applying *Raia*'s "'strict compliance' with Congress' exhaustion requirement," and stating that "this is the standard we apply in this District"); *United States v. Kmet*, No. 14-319-1, ECF 244 (E.D.

Pa. June 17, 2020) (Quiñones Alejandro, J.); *United States v. Bond*, No. 03-434, ECF No. 123 (E.D. Pa. May 10, 2020) (Robreno, J.); *United States v. Springer*, No. 10-393, ECF No. 45 (E.D. Pa. May 28, 2020) (Slomsky, J.); *United States v. Mobley*, No. 09-626-3, ECF 180 (E.D. Pa. June 1, 2020) (Smith, J.); *United States v. Ross*, No. 19-113, ECF 58 (June 9, 2020) (Surrick, J.); *United States v. Rodriguez-Collazo*, 2020 WL 2126756, at *2 (E.D. Pa. May 4, 2020) (Younge, J.).[1]

The defendant sets forth no showing that he made a request to the warden for compassionate release. In fact, the defendant admits that he has not made any such request because he inaccurately believes that any such requirement has been waived. The undersigned are advised by the institution that it has no record of such a request. Accordingly, his motion must be dismissed at this time.

In the alternative to compassionate release, the defendant asks this court for transfer to home confinement. There is no indication that he has presented a request to the warden for such transfer. Even if the defendant had done this, that would not suffice. The authority to transfer an inmate to home confinement is delegated to BOP. Under 18 U.S.C. § 3624(c)(2), BOP may place an inmate in home confinement during the last six months or 10% of a sentence, whichever is shorter, and under 34 U.S.C. § 60541(g), it

---

[1] Throughout the nation, the vast majority of courts to address this issue have agreed that the exhaustion requirement is mandatory and cannot be waived, though some courts have demurred. The rule in the Third Circuit is clear. However, the government will provide further briefing on this issue to the Court at its direction, addressing the discussions in other jurisdictions.

Likewise, the government will provide additional briefing to the Court at its direction on the merits of the compassionate release request.

has wider authority to move to home confinement certain elderly and terminally ill inmates. Under Section 12003 of the CARES Act, during the national emergency, the time limits are removed. BOP makes its decision based on internal directives stated by the Attorney General in memoranda issued on March 26 and April 3, 2020. Pursuant to 18 U.S.C. § 3621(b), any BOP decision regarding home confinement or other designation decisions is not subject to judicial review.

A request for compassionate release involves more substantial relief, that is, a reduction in sentence. Different criteria, set forth in U.S.S.G. § 1B1.13 and BOP Program Statement 5050.50, apply. The request follows a different path in BOP. A request for transfer to home confinement is presented to the inmate's unit team, and then ultimately resolved by BOP's residential reentry office. A request for compassionate release, which the defendant has not yet presented, would be made to the warden, and then reviewed by the Regional Director and ultimately the Director of BOP, or, at his designation, the General Counsel of BOP.

The defendant has not made a request to the warden for compassionate release. The request for transfer to home confinement does not suffice. *See, e.g., United States v. Allen*, 2020 WL 2199626, at *1 (S.D. Ga. May 6, 2020) (Wood, J.) ("It is important to understand that a request for home confinement under the CARES Act is different than a reduction-in-sentence (RIS) request based upon compassionate release."); *United States v. Black*, 2020 WL 2213892 (S.D. Ohio May 7, 2020) (Graham, J.) (request for home confinement under the CARES Act is not the same as a request for compassionate release); *United States v. Alexander*, 2020 WL 2468773, at *4 (M.D. La. May 13, 2020).

Accordingly, the defendant has not exhausted the administrative remedy as required by statute, and his motion for compassionate release must be dismissed at this time.

Respectfully yours,

WILLIAM M. McSWAIN
United States Attorney

*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals

*/s Roberta Benjamin*
ROBERTA BENJAMIN
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading has been served by first-class mail, postage prepaid, upon:

>Mr. Robert Wendell Landis
>No. 71763-066
>FCI Fort Dix
>P.O. Box 2000
>Joint Base MDL, NJ  08640

>*/s Roberta Benjamin*
>ROBERTA BENJAMIN
>Assistant United States Attorney

Dated:  June 22, 2020.